IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,784-02






EX PARTE JOHN ALLEN RUBIO








ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. 03-CR-457-B


IN THE 138TH JUDICIAL DISTRICT COURT


CAMERON COUNTY





 Per Curiam. 



O R D E R



 This case is before us because no application for writ of habeas corpus has been timely
filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071. (1)

 On August 10, 2010, the trial court appointed David A. Schulman to represent
applicant in a post-conviction writ of habeas corpus under Article 11.071. On November 9,
2011, the State filed in this Court its brief on applicant's direct appeal. Pursuant to Article
11.071, § 4(a), applicant's application for writ of habeas corpus was due in the convicting
court on or before December 24, 2011. (2) 

 According to applicant's counsel, counsel delivered to the trial judge on November
30, 2011, an unopposed motion for an extension of time to file applicant's habeas application
as permitted by Article 11.071, § 4(b). On December 12, 2011, counsel faxed a letter to the
judge reminding him of the pendency of the motion. To counsel's knowledge, the trial judge
did not rule on the motion for extension before the date the application was due to be filed. 
Therefore, the application is apparently untimely, and the trial court may take no further
substantive action in the case until and unless so instructed by this Court under Article
11.071, § 4A.

 However, because counsel provided this Court with notice that no writ was filed
instead of the trial court as required by Article 11.071, § 4(d), we find that we need further
information before we can determine whether or what action is appropriate under Article
11.071, § 4A. Specifically, within ten days of the date of this order, the trial court shall
notify this Court in writing (1) whether it ruled on applicant's motion for an extension of
time to file his Article 11.071 application for writ of habeas corpus, and (2) if it ruled, how
and when it ruled. If the court did rule on the motion, it shall include a copy of the order
issued with its response to this Court.

 IT IS SO ORDERED THIS THE 29TH DAY OF FEBRUARY, 2012.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.
2. Because December 24, 2011, was both a Saturday and a holiday, applicant's application
would have been timely filed if filed in the trial court on or before December 27, 2011, the first
day after the 24th that was neither a weekend day nor a holiday.